UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| HUGO CHAVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:22-CV-261-TAV-DCP |
| | ) |
| UNITED STATES DEPARTMENT OF, | ) |
| EDUCATION, and | ) |
| UNIVERSITY OF TENNESSEE AT | ) |
| KNOXVILLE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant University of Tennessee at Knoxville's ("UTK") motion to dismiss [Doc. 14]. In a memorandum in support, UTK argues that this case should be dismissed under Federal Rule of Civil Procedure 4(m), because more than 90 days has elapsed, and plaintiff has not served UTK [Doc. 15]. In fact, UTK notes that no summons has ever been issued by the Clerk in this case [*Id.*].

In response, plaintiff filed a motion to "correct status of document" asking the Court to correct the status of Documents 11 and 12 on the docket, which are currently listed as unissued summons returned unexecuted [Doc. 11, 12], to "status executed" [Doc. 16]. Plaintiff attaches a signed "certification" from "Dolly Anturi" stating that she witnessed plaintiff serve two summonses to "Mr. William Lovelance" at the UTK Bursar's Office [*Id.* at 3]. Plaintiff also attaches a signed "certification" from himself stating that he summonses to both UTK and the United States Department of Education ("DOE") at the

UTK Bursar's Office, but inadvertently selected the box for "unexecuted" rather than "executed" [*Id.* at 4].

UTK responds that these certifications were signed but not given under penalty of perjury as required by 28 U.S.C. § 1746, and therefore, cannot be considered [Doc. 17, p. 1]. Nonetheless, UTK argues that plaintiff's attempts to serve the unissued summons did not comply with Rule 4 [*Id.* at 2]. Moreover, UTK notes that the summons plaintiff attempted to serve were not even issued by the clerk [*Id.*].

Rule 4(a)(1) requires that a summons "be signed by the clerk" and "bear the court's seal." Fed. R. Civ. P. (a)(1)(F)–(G). To have a proper summons issued, Rule 4(b) explains that plaintiff should present a summons to the clerk for signature and seal. Fed. R. Civ. P. 4(b). After the summons is issued, it must be served with a copy of the complaint. Fed. R. Civ. P. 4(c)(1). Specifically, it must be served by "[a]ny person who is at least 18 years old and not a party[.]" Fed. R. Civ. P. 4(c)(2).

Rule 4(j)(2) indicates that, to serve a state, or any other state-created governmental organization, service must be made by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). The Tennessee Rules of Civil Procedure indicate that service may be made "[u]pon the state of Tennessee or any agency thereof, by delivering a copy of the summons and of the complaint to the attorney general of the state or to any assistant attorney general[.]" Tenn. R. Civ. P. 4.04(6). Because UTK is an arm of the State, these

2

rules apply for purposes of serving UTK.  *See Kersavage v. Univ. of Tenn.*, 731 F. Supp. 1327, 1331 (E.D. Tenn. 1989) ("the University of Tennessee is an arm of the State of Tennessee; this is now well-settled law.").

Here, without even addressing UTK's argument regarding the admissibility of plaintiff's statements, there are several deficiencies with plaintiff's purported service to UTK.  First, no summons for any defendant has ever been issued by the Clerk of this Court.  By way of background, plaintiff initially filed a motion for leave to proceed *in forma pauperis* [Doc. 1].  However, United States Magistrate Judge Debra C. Poplin entered an order noting several deficiencies in plaintiff's motion and providing plaintiff with time to cure the deficiencies [Doc. 6].  Rather than amending his motion to proceed *in forma pauperis*, plaintiff paid the filing fee.  But a docket text entry after the payment of the filing fee indicates: "No summons received within initiating documents.  Therefore, summons not issued as to United States Department of Education, University of Tennessee."  A review of those initiating documents confirms that plaintiff did not submit summonses for either defendant along with his complaint or motion to proceed *in forma pauperis*.  Plaintiff then filed the two unissued summonses at issue here [Docs. 11, 12].  But, as the Court explained *supra*, the summons must be signed by the Clerk and bear the Court's seal.  *See* Fed. R. Civ. P. 4(a)(1)(F)–(G).  Because the summonses that plaintiff attempted to serve were not issued by the Clerk's office, plaintiff could not have properly served any defendant.

3

Additionally, plaintiff contends that he personally served a copy of the two unissued summonses on Mr. Lovelance at the UTK bursar's office. But such, even if true, could not constitute proper service of process, even if the summons were properly issued. First, plaintiff cannot himself personally serve the summons and complaint, as he is a party to this action. *See* Fed. R. Civ. P. 4(c)(2). Moreover, to serve UTK, plaintiff is required to serve a copy of the issued summons and complaint to: (1) the State's chief executive officer; or (2) the State's attorney general or any of the State's assistant attorney generals. *See* Fed. R. Civ. P. 4(j)(2); Tenn. R. Civ. P. 4.04(6). Plaintiff does not identify Mr. Lovelance beyond being an employee who works at the UTK bursar's office, but UTK states that Mr. Lovelance is an "Accounting Specialist" at that office [Doc. 17, p. 2]. Accordingly, service upon Mr. Lovelance is insufficient to serve UTK in this matter.

Having determined that plaintiff has not properly served the defendants[1] in this matter, the Court must determine the appropriate remedy. UTK asks the Court to dismiss the action [Doc. 14]. Meanwhile the DOE has not yet appeared in this action. Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed the court . . . must dismiss the action without prejudice . . . or order that service be made within a specified time." Fed. R. Civ. P. 4(m). More than 90 days has elapsed since plaintiff filed his complaint on August 2, 2022 [*See* Doc. 2].

---

[1] The Court's analysis regarding the unissued summonses and personally serving the complaint and summons despite being a party to the action apply equally to the DOE.

4

Under Rule 4(m), "[t]he Court *must* extend the time for service upon a showing of good cause, and the Court *may* exercise its discretion to permit late service even where a plaintiff has not shown good cause." *Shelton v. Tenn. Dep't of Agriculture*, No. 3:19-cv-1121, 2020 WL 2850172, at *2 (M.D. Tenn. June 2, 2020) (emphasis added). Under the circumstances, the Court finds it appropriate to permit plaintiff another opportunity to properly serve defendants before dismissing this case under Rule 4(m). Specifically, the Court notes plaintiff's pro se status, and finds that some level of leniency is warranted. *See Kevin v. Wethington*, No. 4:23-cv-P49, 2023 WL 4002530, at *1 (W.D. Ky. June 14, 2023) (noting that "federal courts afford *pro se* litigants some leniency on matters that require legal sophistication"). Moreover, the Court notes that plaintiff appears to have made a good faith, if misguided, attempt to serve defendants. Further, plaintiff has not previously been ordered to correct service of process issues, and therefore, up to this point, his failure to properly serve defendants cannot be deemed to be a pattern. In light of these facts, the Court will permit plaintiff additional time to properly serve defendants.

Accordingly, UTK's motion to dismiss [Doc. 14] is **DENIED** and plaintiff's motion to correct status of document [Doc. 16] is **DENIED**. Plaintiff is **DIRECTED** to seek issuance of summonses, and then serve defendants with a copy of the complaint and summonses, as required by Rule 4, within 45 days of the entry of this order. Failure to comply with this order and Rule 4 may result in dismissal of this action.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

5