UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| HUGO CHAVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:22-CV-261-TAV-DCP |
| | ) |
| UNITED STATES DEPARTMENT OF, | ) |
| EDUCATION, and | ) |
| UNIVERSITY OF TENNESSEE AT | ) |
| KNOXVILLE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendants' motions to dismiss [Docs. 25, 28], plaintiff's motions for contempt [Docs. 22, 34, 35], plaintiff's application for clerk's default [Doc. 38], and defendants' joint motion to stay [Doc. 44]. For the reasons set forth below, plaintiff's motions for contempt [Docs. 22, 34, 35] are **DENIED**, defendant's motions to dismiss [Docs. 25, 28] are **GRANTED**, and plaintiff's application for clerk's default [Doc. 38] and defendants' joint motion to stay [Doc. 44] are **DENIED as moot**. This case is therefore **DISMISSED without prejudice**.

**I. Background**

Plaintiff, proceeding pro se, alleges in his complaint, filed in August 2022, that the University of Tennessee at Knoxville ("UTK") and the United States Department of Education ("DOE") have improperly managed his student loan accounts [Doc. 2-1].

In December 2023, UTK filed its first motion to dismiss based on lack of service of process [Doc. 14]. On May 17, 2024, the Court exercised its discretion to deny the motion and direct plaintiff to seek the issuance of summons and properly serve defendants within 45 days [Doc. 18]. The Court cautioned plaintiff that "[f]ailure to comply with this order and Rule 4 may result in dismissal of this action" [*Id.* at 5].

Thereafter, plaintiff filed his first motion for contempt, arguing that UTK violated the meet and confer requirement before filing their first motion to dismiss [Doc. 22, p. 2].

On July 5, 2024, UTK filed its second motion to dismiss [Doc. 25]. UTK states that, after the Court's prior order, plaintiff mailed a copy of the summons and complaint to the UTK Chancellor, but this did not comply with Rule 4(j)(2) of the Federal Rules of Civil Procedure or Rule 4.04(6) of the Tennessee Rules of Civil Procedure [Doc. 26, pp. 1–2]. Moreover, UTK states that, despite being notified in a prior order that he could not personally serve process, plaintiff tried to do so again, and he should not be allowed a third bite at the apple [*Id.* at 2].

Likewise, on September 24, 2024, the DOE filed a motion to dismiss based, in part, on failure to effectuate proper service [Doc. 28]. The DOE states that, since the Court's prior order, plaintiff had an individual named Dolly Anturi hand deliver a copy to the United States Attorney's Office for the Eastern District of Tennessee, which satisfied Rule 4(i)(1)(A) [Doc. 29, p. 5].[1] But plaintiff's attempt to personally serve the Secretary of

---

[1] However, the DOE contends that this compliance with Rule 4(i)(1)(A) was untimely, as it occurred 46 days after the Court's prior order [Doc. 29, p. 5]. Given the other grounds upon

2

Education by certified mail did not comply with Rule 4(c)(2) [*Id.* at 6]. Finally, the DOE argues that plaintiff failed to serve the United States Attorney General or submit proof demonstrating service on the United States Attorney General as required by Rule 4(i)(1)(B) [*Id.*].

Plaintiff did not timely respond to either of these motions to dismiss. Rather, on October 30, 2024, he filed his second and third motions for contempt, which are identical, arguing that defendants filed their motions to dismiss without first meeting and conferring with him [Doc. 34, pp. 1–2; Doc. 35, pp. 1–2].

The same day, plaintiff filed an application for clerk's default, asserting that defendants had failed to plead or otherwise defend under Federal Rule of Civil Procedure 55(a) [Doc. 38]. Plaintiff also stated that he had not received certain motions and that the motions to dismiss filed by the defendants were void because defendants did not meet and confer with him prior to filing those motions [Doc. 39, p. 1].

Regarding plaintiff's contempt motions, UTK responds that on June 26, 2024, counsel wrote a letter to plaintiff expressing their intent to file a motion to dismiss, which was emailed to plaintiff, but he did not respond until after the motion had been filed [Doc. 46, pp. 1–2]. Likewise, DOE responds that counsel called plaintiff and left him a voicemail regarding intent to file a motion to dismiss but plaintiff did not timely return the phone call, and therefore, counsel filed the motion to dismiss [Doc. 45, p. 2]. DOE also contends that

---

which the Court finds that plaintiff has not properly effectuated service, it declines to address this timeliness issue.

their motion to dismiss does not fall within the context of the Court's Order Governing Motions to Dismiss, as such relates to issues that can be cured by an amended pleading, which is inapplicable here [*Id.* at 3].

## II. Discussion

### A. Service of Process

In its prior order denying UTK's motion to dismiss on service of process grounds, the Court noted several deficiencies in plaintiff's attempts at service [*See* Doc. 18]. First, the Court noted that no summons had been issued by the Clerk for either defendant [*Id.*]. Second, the Court noted that plaintiff could not personally serve the summons and complaint, under Rule 4(c)(2), and was required to serve a copy of the issued summons and complaint to: (1) the State's chief executive officer;[2] or (2) the State's attorney general or any of the State's assistant attorney generals. *See* Fed. R. Civ. P. 4(j)(2); Tenn. R. Civ. P. 4.04(6) [*Id.*]. Although the DOE had not appeared at the time of the Court's prior order, the Court noted that its analysis regarding personally serving the complaint and summons applied equally to the DOE [*see id.*].

It appears from the record, that, after the Court's order, plaintiff corrected the first deficiency, and had summons properly issued by the Clerk [Doc. 19].

Additionally, on June 20, 2024, plaintiff filed a proof of service as to UTK, stating that the summons and complaint were served on Donde Plowman, Chancellor of UTK on June 13, 2024, via certified mail [Doc. 20, pp. 3–4]. Likewise, on the same day, plaintiff

---

[2] *See supra* p. 6 for clarification regarding this language from the Court's prior order.

filed a proof of service as to the DOE, stating that the summons and complaint were served on Secretary of Education Miguel Cardona on June 13, 2024, via certified mail [Doc. 21, pp. 3–4]. On July 3, 2024, plaintiff filed a notice that an individual named Dolly Anturi had personally served copies of the summonses and complaint to the United States Attorney's Office for the Eastern District of Tennessee [Doc. 24].

### 1. Rule 4(j)(2)(A)

In their instant motion to dismiss, UTK argues that mailing a copy of the summons and complaint to Chancellor Plowman did not comply with Rule 4(j)(2) of the Federal Rules of Civil Procedure or Rule 4.04(6) of the Tennessee Rules of Civil Procedure [Doc. 26, pp. 1–2].

Rule 4(j)(2) indicates that, to serve a state, or any other state-created governmental organization, service must be made by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). The Tennessee Rules of Civil Procedure indicate that service may be made "[u]pon the state of Tennessee or any agency thereof, by delivering a copy of the summons and of the complaint to the attorney general of the state or to any assistant attorney general[.]" Tenn. R. Civ. P. 4.04(6). Because UTK is an arm of the State, these rules apply for purposes of serving UTK. *See Kersavage v. Univ. of Tenn.*, 731 F. Supp. 1327, 1331 (E.D. Tenn. 1989) ("the University of Tennessee is an arm of the State of Tennessee; this is now well-settled law.").

UTK specifically argues that under these rules "service must be made on either the chief executive of the state of Tennessee (the Governor) or on the Attorney General of Tennessee or any assistant attorney general," citing to this Court's prior order in support [Doc. 26, p. 2].  This Court previously stated that, "to serve UTK, plaintiff is required to serve a copy of the issued summons and complaint to: (1) the State's chief executive officer; or (2) the State's attorney general or any of the State's assistant attorney generals" [Doc. 18, p. 4]. Perhaps this language was inartful.  Rule 4(j)(2)(A) actually permits service upon a state "or any other state created governmental organization" by "delivering a copy of the summons and of the complaint to *its* chief executive officer[.]"  Fed. R. Civ. P. 4(j)(2)(A) (emphasis added).  Courts have construed this language to mean that a plaintiff can serve the summons "on the defendant agency's chief executive officer.'" *Nashville Cmty. Bail Fund v. Gentry*, 446 F. Supp. 3d 282, 298 (M.D. Tenn. 2020); *see also Amandi v. Barnes*, No. 3:17-cv-366, 2018 WL 1566818, at *7 (M.D. Tenn. Mar. 29, 2018) (rejecting argument that service was not proper under Rule 4(j)(2)(A) because plaintiff served the Department of Human Services' commissioner, rather than the Tennessee governor).  Accordingly, the Court does not find that UTK's assertion that plaintiff was required to serve the Tennessee governor to effectuate service under Rule 4(j)(2)(A) to be a correct statement of the law.

Even so, it appears that the UTK Chancellor may not be considered UTK's chief executive officer.  UTK represents that its president is "the chief executive officer of the statewide university system[.]"  *Office of the President*, THE UNIVERSITY OF TENNESSEE

6

SYSTEM, https://president.tennessee.edu (last visited Jan. 13, 2025). And "[w]hen service of process is challenged, the burden rests with the plaintiff to establish that service is properly made." *McGath v. Hamilton Local Sch. Dist.*, 848 F. Supp. 2d 831, 836 (S.D. Ohio 2012). Given that UTK has challenged whether plaintiff's attempted service complies with Rule 4(j)(2)(A), and plaintiff has not responded, the Court finds that plaintiff has not met his burden of establishing that he has properly effectuated service on UTK under Rule 4(j)(2)(A).[3]

2. Rule 4(i)(1)

Next, the DOE argues that plaintiff did not properly effectuate service on it because he did not serve the United States Attorney General or submit proof of such service as required by Rule 4(i)(1)(B) [Doc. 29, p. 6].

Service on the United States and its agencies is governed by Federal Rule of Civil Procedure 4(i). This rule requires that a plaintiff complete the following to properly serve the United States: (1) either (a) deliver a copy of the summons and complaint to the United States attorney for the district where the action is brought (or to an assistant United States attorney or clerical employee whom the United States attorney designates in writing filed with the court clerk) or (b) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; <u>and</u> (2) send a copy of the

---

[3] Even if plaintiff's service on the UTK Chancellor was proper under Rule 4(j)(2)(A), for the reasons discussed infra, it nonetheless was improper under Rule 4(c)(2).

summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C. Fed. R. Civ. P. 4(i)(1).[4]

There does not appear to be any dispute as to whether plaintiff complied with the first requirement, that is, by complying with Rule 4(i)(1)(A)(i).[5] Rather, the DOE contests whether plaintiff has established that he accomplished the second requirement of Rule 4(i)(1), that is, that he has sent a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. *See* Fed. R. Civ. P. 4(i)(1)(B). The plain language of Rule 4(i)(1) requires plaintiff to serve the Attorney General *in addition to* the United States attorney for this district. But nothing in the record indicates that plaintiff has effectuated process on the Attorney General. Thus, the Court finds that plaintiff has not demonstrated that he has properly effectuated service of process on the DOE.

### 3. Rule 4(c)(2)

Finally, both UTK and the DOE argue that plaintiff's attempts at service of process fail to comply with Rule 4(c)(2), because he personally sent the summons and complaint by certified mail, rather than a separate process server doing so [Doc. 26, p. 2; Doc. 28, p. 5].

---

[4] Rule 4(i)(1)(C) also requires that, if the action challenges an order of a nonparty agency or officer of the United States, the plaintiff must send a copy of the summons and complaint by registered or certified mail to the agency or officer. However, that provision does not appear to apply in this case.

[5] Although, again, the Court notes the timeliness dispute discussed *supra*, footnote 1.

8

As the Court previously explained [*see* Doc. 18, pp. 1–2], after a summons is issued, it must be served by "[a]ny person who is at least 18 years old and not a party[.]" Fed. R. Civ. P. 4(c)(2). In his renewed attempts to properly effectuate service, plaintiff sent copies of the relevant summonses and complaint via certified mail, rather than attempting to personally serve such documents on the defendants [*See* Docs. 11, 12, 20, 21]. However, plaintiff himself signs the proof of service as to each of the defendants, stating that the complaint and summonses were sent by certified mail [Docs. 20, 21]. But this is still not permitted under Rule 4(c)(2). *See Davis v. Awa Collections*, No. 1:22-cv-483, 2022 WL 20472174, at *1 n.2 (W.D. Mich. Dec. 14, 2022) ("[T]he Court notes that plaintiffs' affidavits indicate that they did not engage a non-party to serve the defendants by mail. Based on this record, plaintiffs' attempt to serve defendants was contrary to Fed. R. Civ. P. 4(c)(2), which requires service of a summons and complaint by '[a]ny person who is at least 18 years old and not a party.' *See Olson v. Federal Election Commission*, 256 F.R.D. 8, 10 (D.D.C. 2009) ('Rule 4(c)(2) is violated when a plaintiff personally attempts to serve a defendant . . . by mail.')."); *Grose v. City of Bartlett*, No. 20-2307, 2021 WL 2407701, at *2 (W.D. Tenn. Jan. 8, 2021) (noting that proof of service documents signed by plaintiff as the server are not permitted under Rule 4(c)(2)). Accordingly, the Court finds that plaintiff has not established proper service of process on either UTK or the DOE on this alternate ground.

### 4. Remedy

Having determined that plaintiff has, again, not properly served the defendants in this matter, the Court must determine the appropriate remedy. Both UTK and the DOE ask the Court to dismiss this action [Docs. 26, 28].

Rule 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed the court . . . must dismiss the action without prejudice . . . or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiff first filed his complaint more than two years ago, on August 2, 2022 [Doc. 2]. And significantly more than 45 days have elapsed since the Court's May 17, 2024, order directing plaintiff to properly serve defendants [*See* Doc. 18].

Under Rule 4(m), "[t]he Court *must* extend the time for service upon a showing of good cause, and the Court *may* exercise its discretion to permit late service even where a plaintiff has not shown good cause." *Shelton v. Tenn. Dep't of Agriculture*, No. 3:19-cv-1121, 2020 WL 2850172, at *2 (M.D. Tenn. June 2, 2020) (emphasis added). Here, plaintiff has not directly responded to the defendants' motions to dismiss and has not otherwise alleged good cause for his failure to properly serve defendants. Thus, the Court may, in its discretion, either dismiss this action without prejudice or permit late service.

The Court previously afford plaintiff some leniency and permitted additional time to properly serve defendants, noting plaintiff's pro se status, his apparent good faith attempts to serve defendants, and the lack of prior orders to correct service of process issues [Doc. 18, p. 5]. But, at this juncture, the Court finds that dismissal without prejudice is

warranted.  Although plaintiff undertook some efforts to cure the deficiencies identified in the Court's prior order regarding service of process, despite being on notice, as a result of that order, that strict compliance with Rule 4 was required, he nonetheless failed to follow the demands of Rule 4 as to either defendant.  And even after defendants filed their motions to dismiss, raising these deficiencies in plaintiff's attempted service of process, plaintiff took no corrective action, and indeed, did not respond to the motions, beyond filing his separate motions for contempt (which the Court will address *infra*).  Moreover, this action has now been pending for more than two years without plaintiff having effectuated proper service of process on any defendant.  And plaintiff was specifically warned that failure to comply with Rule 4 would result in dismissal of this action.  Considering these factors, the Court finds that dismissal without prejudice under Rule 4(m) is warranted, and defendants' motions to dismiss [Docs. 25, 28] will be **GRANTED**.

B.     **Meet and Confer Requirement**

To the extent that plaintiff seeks to avoid this outcome, or seeks sanctions, by alleging a failure to "meet and confer," the Court is not persuaded.  As part of its standard operating procedure, this Court entered an order governing motions to dismiss on July 31, 2023 [Doc. 8].  That order states:

> A motion pursuant to Federal Rule of Civil Procedure 12(b) is discouraged if the defect is likely to be cured by filing an amended pleading.  Therefore, the parties must meet and confer prior to the filing of a motion to dismiss to determine whether it can be avoided.  The duty to confer also applies to parties appearing pro se.  Consequently, a motion to dismiss must be accompanied by a notice indicating that the parties have conferred to determine whether an amendment could cure a deficient pleading, and have

11

> been unable to agree that the pleading is curable by a permissible amendment.
>
> MOTIONS TO DISMISS THAT DO NOT CONTAIN THE REQUIRED CERTIFICATION ARE SUBJECT TO BEING STRICKEN ON THE COURT'S MOTION.

[*Id.*]. Plaintiff's motions for contempt appear to be based on the fact defendants did not meet and confer with him prior to filing any of the motions to dismiss [*See* Docs. 22, 34, 35].

But, as this district has previously stated, "[t]he Court's meet and confer and certification requirements are tantamount to a local rule. The Court has broad discretion to overlook violations of its local rules." *SmartBank v. Cartron*, No. 4:19-cv-62, 2020 WL 1897168, at *4 (E.D. Tenn. Apr. 16, 2020) (internal citations omitted). This district also noted that "[t]he purpose of the Court's meet and confer requirements is to give the parties an opportunity to determine whether they can avoid a motion to dismiss by allowing any flaws with the complaint to be absolved by an amended complaint." *Id.*

Here, there is some evidence that both UTK and the DOE attempted to meet and confer with plaintiff before filing the instant motions to dismiss [*See* Docs. 26, 29]. But, regardless, even if defendants violated the meet-and-confer requirement, the Court has broad discretion to overlook violation of this requirement, which the Court finds appropriate in this circumstance, considering the lack of effective service of process on defendants (and the attendant lack of requirement to respond to the complaint at this juncture) and the general purpose of the Court's meet-and-confer requirement. Accordingly, plaintiff's motions for contempt [Docs. 22, 34, 35] are **DENIED**.

### III. Conclusion

For all these reasons, plaintiff's motions for contempt [Docs. 22, 34, 35] are **DENIED**, defendant's motions to dismiss [Docs. 25, 28] are **GRANTED**, and plaintiff's application for clerk's default [Doc. 38] and defendants' joint motion to stay [Doc. 44] are **DENIED as moot**. This case is **DISMISSED** without prejudice.

The Clerk of Court is **DIRECTED** to **CLOSE** this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE